Filed 4/21/16  P. v. Dodds CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B265825 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA080126) |
| v. | |
| DAVID DODDS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Joseph Brandolino, Judge.  Affirmed as modified.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A jury convicted defendant David Dodds of identity theft and two counts of first degree burglary. Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Viewed in accordance with the usual rules of appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357), the evidence introduced at defendant's jury trial established that on May 27, 2014, Oded Aichen lived with his brother (Zohar Haykeen) and sister-in-law (Miri Haykeen) in the Haykeen's Tarzana home; on that date, Aichen's and Haykeen's mother was a houseguest. At about 6:00 p.m. that day, Aichen was in the guestroom with his mother when the sound of breaking glass caused Aichen to run into the living room to investigate. Aichen saw an arm reaching in through a broken kitchen window apparently trying to open that window. Aichen ran out of the front door and around the side of the house toward that kitchen window. When he arrived, Aichen saw defendant backing away from the broken kitchen window. Aichen shouted at defendant, "What are you doing?" Defendant responded that he was looking for water. Aichen used his cell phone to photograph defendant as he walked to a car in which he drove away. A recording of Aichen's call to 911 was introduced into evidence. Aichen identified defendant at the preliminary hearing and at trial, but had been unable to indentify defendant in photographic lineups. Police determined that defendant was the registered owner of the car Aichen photographed. Defendant told a detective that he had been at the location looking for water.

On June 16, 2014, more than two weeks after the burglary at the Haykeen's Tarzana home, Monica Teurlings' Agoura home was burglarized. Teurlings recalled that when she left the house to take her dog for a walk at about 7:00 a.m. that day, the sliding glass door to the backyard was open but the screen door was locked. When Teurlings returned home about an hour later, she discovered that someone had ripped a four foot diagonal slit in the screen door; her $35,000 ring and her husband's laptop computer were missing. A few days later, Teurlings realized that some cash and a debit card linked to an

account she shared with her mother were also missing.  Teurlings discovered that the debit card had been used for several unauthorized transactions.

The day Teurlings' home was burglarized, Teurlings' stolen debit card was used to make purchases at several businesses all located within five miles of Teurlings' home: Starbucks (8:11 a.m.), TJ Maxx (9:48 a.m.), Burger King (10:30 a.m.), and a spa (4:00 p.m.).  A spa employee identified defendant as the person who used Teurlings' debit card to pay for a massage that day.  Recordings made by security cameras at the spa, Starbucks and TJ Maxx were also introduced into evidence.  Teurlings did not know defendant and did not give him permission to use her debit card.

Defendant was charged by information with identity theft (Pen. Code, § 530.5, subd. (a); count 1) and two counts of first degree burglary (Pen. Code, § 459; counts 2 (Teurlings) and 3 (Haykeen)).[1]  It was further alleged that the Haykeen burglary was a "violent felony" within the meaning of section 667.5, subdivision (c).  (See § 667.5, subd. (c)(21) ["For the purpose of this section, 'violent felony' shall mean any of the following:  [¶]  Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary."].)  Although no section 667.5 prior prison term enhancement was alleged, the violent felony allegation was necessary to calculate defendant's work time credit pursuant to section 2933.1, subdivision (a), which provides:  "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."

A jury convicted defendant as charged, including finding true the violent felony allegation as to count 3.  Defendant was sentenced to a total of four years in prison, comprised of the four year mid-term for the Haykeen burglary (count 3), plus a concurrent four-year midterm for the Teurlings burglary (count 2), plus a concurrent two-year midterm for the identity theft (count 1).  Defendant was given presentence custody

---

[1]     All undesignated statutory references are to the Penal Code.

3

credit of 453 days, comprised of 394 days in actual custody plus 59 "good time, work time" days pursuant to section 2933.1, subdivision (a). Defendant was ordered to pay a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation fine (§ 1202.45); the parole revocation fine was ordered stayed, such stay to become permanent upon successful completion of parole. Defendant was also ordered to pay fees of $80 comprised of a $40 security fee (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 7073) and a $10 crime prevention fee (§ 11202.5). In addition, defendant was ordered to pay victim restitution in an amount to be determined at a separate hearing. (§ 1202.4, subd. (f).) Defendant timely appealed.

We appointed separate counsel to represent defendant on appeal. After examination of the record, appointed counsel filed an opening brief which contained an acknowledgment that counsel had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436. We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.

Defendant filed two letters, one on March 7, 2016 and another on March 8, 2016. Both letters make contentions relating to the allegation and concomitant finding that the Haykeen burglary (count 3) was a "violent felony" within the meaning of section 667.5, subdivision (c). In his first letter, defendant contends it was error to impose a "prior prison term enhancements, [Penal Code] section 667.5" on count 3 because no such enhancement was pled or proved. The contention fails because no such enhancement was imposed.

In his second letter, defendant contends the trial court erred in not instructing the jury "on how to determine whether count 3 was serious or violent." The contention fails because the jury was instructed that, to prove the section 667,5, subdivision (c) violent felony allegation, the People had the burden of proving that a person was present in the house during the commission of the crime. (CALCRIM No. 3250.) This instruction accurately states the People's burden of proof with respect to the violent felony

4

allegation.  The jury's true finding was supported by the evidence that Aichen (and his mother) were present in the Haykeen house during the commission of the burglary.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)  However, we have found that the abstract incorrectly states that defendant's three convictions were by "plea."  The trial court is directed to prepare an amended abstract to reflect that defendant's convictions were by "jury."

## DISPOSITION

The trial court is directed to prepare an amended abstract to reflect that defendant's convictions were by "jury."  In all other respects, the judgment is affirmed.


RUBIN, J.

WE CONCUR:



BIGELOW, P. J.



GRIMES, J.

5